FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 20, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| APRIL C.,<br><br>  Plaintiff,<br><br>  v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>  Defendant. | No. 2:18-CV-00070-JTR<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF Nos. 14, 16. Attorney Dana C. Madsen represents April C. (Plaintiff); Special Assistant United States Attorney Franco L. Becia represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 9. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS, in part,** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. §§ 405(g), 1383(c).

## JURISDICTION

Plaintiff filed an application for Supplemental Security Income (SSI) on June 11, 2007, Tr. 153, alleging disability since January 1, 2001 due to bipolar disorder, manic depressive disorder, hepatitis C, and asthma, Tr. 158. The application was denied initially and upon reconsideration. Tr. 79-82, 86-88. Administrative Law Judge (ALJ) Marie Palachuk held a hearing on September 10,

ORDER GRANTING PLAINTIFF'S MOTION - 1

2009 and heard testimony from Plaintiff, medical expert Margaret Moore, Ph.D, and vocational expert Deborah Lapoint. Tr. 30-71. The ALJ issued an unfavorable decision on October 14, 2009. Tr. 13-23. The Appeals Council denied review on January 14, 2011. Tr. 1-5. Plaintiff requested judicial review of the ALJ decision, and this Court entered an order remanding the case for additional proceedings on February 21, 2012. Tr. 669-71. On May 3, 2012, the Appeals Council remanded the case back to the ALJ. Tr. 676-77.

The ALJ held a hearing on December 4, 2012 after hearing testimony from Plaintiff, medical expert William Spence, M.D., and vocational expert Sharon Welter. Tr. 566-87. At this hearing, Plaintiff amended her date of onset to June 11, 2007. Tr. 569. The ALJ issued an unfavorable decision on January 15, 2013. Tr. 707-21. On May 6, 2015, the Appeals Council remanded the ALJ's January 15, 2013 decision to a new ALJ for additional proceedings. Tr. 727-31.

The case was assigned to ALJ Lori Freund who held two hearings on October 1, 2015 and July 13, 2016 and heard testimony from Plaintiff, Jay Toews, Ph.D., M.D., and vocational expert Anne Jones. Tr. 588-668. The ALJ issued an unfavorable decision on December 22, 2016. Tr. 542-58. The Appeals Council refused to assume jurisdiction over the ALJ decision on December 29, 2017, Tr. 487-93, making the ALJ's December 22, 2016 decision the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. §§ 405(g), 1383(c). Plaintiff initiated this action for judicial review on February 27, 2018. ECF Nos. 1, 4.

**STATEMENT OF FACTS**

The facts of the case are set forth in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties. They are only briefly summarized here.

Plaintiff was 28 years old at the date of application. Tr. 73. At application, Plaintiff reported that the highest grade she completed was the tenth, Tr. 163, and

that she had never worked, Tr. 158.  At the September 10, 2009 hearing, she testified that she completed the ninth grade and attempted to obtain her GED, but fell too far behind and quit.  Tr. 50.  She also testified that she did some work for a janitorial services company and a telemarketing company.  Tr. 51-52.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  The Court reviews the ALJ's determinations of law de novo, deferring to a reasonable interpretation of the statutes.  *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).  The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error.  *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance.  *Id*. at 1098.  Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ.  *Tackett*, 180 F.3d at 1097.  If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive.  *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).  Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.  *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled.  20 C.F.R. § 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).  In steps one through four, the burden of

proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-99. This burden is met once the claimant establishes that physical or mental impairments prevent her from engaging in her previous occupations. 20 C.F.R. § 416.920(a)(4). If the claimant cannot do her past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work, and (2) the claimant can perform specific jobs which exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). If the claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made. 20 C.F.R. § 416.920(a)(4)(v).

**ADMINISTRATIVE DECISION**

On December 22, 2016, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act from June 11, 2007 through the date of the decision.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since June 11, 2007, the date of application. Tr. 545.

At step two, the ALJ determined that Plaintiff had the following severe impairments: obesity; learning disorder; mood disorder; generalized anxiety disorder; personality disorder; and borderline intellectual functioning. Tr. 545.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 547.

At step four, the ALJ assessed Plaintiff's residual function capacity and determined she could perform work at all exertional levels with the following nonexertional limitations:

> The claimant could perform, routine, and repetitive tasks at a reasoning level of 2. The claimant could have superficial interaction with public and coworkers and no tandem tasks could be performed. The claimant

could adapt to occasional changes in the work setting. The claimant needs 10% additional time to adapt to changes.

Tr. 550. The ALJ identified Plaintiff's past relevant work as cleaner, housekeeper and found she was unable to perform this past relevant work. Tr. 556.

At step five, the ALJ determined that, considering Plaintiff's age, education, work experience and residual functional capacity, and based on the testimony of the vocational expert, there were other jobs that exist in significant numbers in the national economy Plaintiff could perform, including the jobs of hand packager, cleaner II, and laundry laborer. Tr. 557. The ALJ concluded Plaintiff was not under a disability within the meaning of the Social Security Act from June 11, 2007, through the date of the ALJ's decision. Tr. 558.

**ISSUES**

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff contends the ALJ erred by (1) failing to properly address Plaintiff's symptom statements and (2) failing to properly address the medical opinions in the file.

**DISCUSSION**[1]

**1. Plaintiff's Symptom Statements**

Plaintiff contests the ALJ's determination that Plaintiff's symptom

---

[1] In *Lucia v. S.E.C.*, 138 S.Ct. 2044 (2018), the Supreme Court recently held that ALJs of the Securities and Exchange Commission are "Officers of the United States" and thus subject to the Appointments Clause. To the extent Lucia applies to Social Security ALJs, the parties have forfeited the issue by failing to raise it in their briefing. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (the Court will not consider matters on appeal that were not specifically addressed in an appellant's opening brief).

statements were unreliable. ECF No. 14 at 11-12.

It is generally the province of the ALJ to make determinations regarding the reliability of Plaintiff's symptom statements, *Andrews*, 53 F.3d at 1039, but the ALJ's findings must be supported by specific cogent reasons, *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834.

The ALJ found Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms to be "not entirely consistent with the medical evidence and other evidence in the record." Tr. 551. The ALJ then failed to set forth a single specific reason for rejecting Plaintiff's symptom statements.

Defendant argues that Plaintiff's challenge to the ALJ's determination is inadequate. ECF No. 16 at 6-7. The Court generally agrees. Plaintiff's entire argument consists of three sentences:

> Here, [Plaintiff]'s treating physician Dr. Mark Parsons, M.D. has indicated she would be limited to sedentary work, only on a part time basis. He indicates that with a combination of her physical and mental impairments, she would be unable to work. Therefore, there are no clear and convincing reasons to disregard [Plaintiff]'s symptoms and limitations.

ECF No. 14 at 12. This would typically be insufficient to challenge an ALJ's treatment of Plaintiff's symptoms statements as it fails to discuss the reasons the ALJ provided for rejecting the statements. *See Carmickle*, 533 F.3d at 1161 n.2 (The Court may refuse to address issues that are not argued with specificity by Plaintiff.). However, the ALJ failed to provide a single, specific reason for rejecting Plaintiff's symptom statements. Again, Defendant argues that the ALJ

provided "clear and convincing" reasons throughout her briefing. ECF No. 16 at 8-13. However, Defendant is unable to articulate these "clear and convincing" reasons. *Id.* Defendant asserts that the ALJ rejected Plaintiff's symptom statements because (1) Plaintiff's belief of her inability to perform work activity was inconsistent with the record as a whole (2) there was evidence that Plaintiff was malingering (3) the allegations were inconsistent with the medical evidence, (4) she received minimal/conservative treatment, and (5) she failed to follow treatment recommendations. *Id.* The ALJ never discussed Plaintiff's belief that she could not work, the evidence of malingering, her treatment, or her failure to follow treatment recommendations in reference to the reliability of her statements.

The ALJ referenced an elevated F-score on the MMPI "suggesting that she could be exaggerating her symptoms or making a cry for help," but failed to draw any connection between the test results and the reliability of Plaintiff's symptom statements. Tr. 553. The ALJ also discussed Plaintiff's lack of treatment at the beginning of the summary of the medical evidence but failed to connect this with Plaintiff's symptom statements. Tr. 551.

An ALJ is required to provide reasons that are "sufficiently specific to allow a reviewing court to conclude that the adjudicator rejected the claimant's testimony on permissible grounds and did not 'arbitrarily discredit a claimant's testimony regarding pain.'" *Bunnell v. Sullivan*, 947 F.2d 341, 345-56 (9th Cir. 1991) (quoting *Elam v. Railroad Retirement Bd*, 921 F.2d 1210, 1215 (11th Cir. 1991). The Ninth Circuit stated that the finding in *Bunnell* was intended to supplement the preexisting "clear and convincing" standard with the requirement that the reasons provided by the ALJ must also be "specific." *Burrell v. Colvin*, 775 F.3d 1133, 1137 (9th Cir. 2014). "The clear and convincing standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)). Therefore, without a specific finding by the ALJ that she rejected

Plaintiff's statements based on Plaintiff's belief she could not work, the MMPI, her minimal treatment, or her failure to follow treatment, these reasons amount to post hoc rationalizations, which will not be considered by the Court. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (The Court will "review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely.").

The ALJ did conclude that "claimant's statements concerning the intensity, persistence and limiting effect of these symptoms are not entirely consistent with the medical evidence." Tr. 551. However, the ALJ is required to identify what testimony is undermined and what evidence undermines that testimony. *Lester*, 81 F.3d at 834 ("General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints.").

Despite Plaintiff's lack of argument, this case must be remanded for additional proceedings because the ALJ's discussion of Plaintiff's symptom statements lacks any specific, clear and reviewable rationale.

**2. Medical Opinions**

Plaintiff argues that the ALJ failed to properly consider and weigh the medical opinion expressed by Mark Parsons, M.D. ECF No. 14 at 12-13.

In weighing medical source opinions, the ALJ should distinguish between three different types of physicians: (1) treating physicians, who actually treat the claimant; (2) examining physicians, who examine but do not treat the claimant; and, (3) nonexamining physicians who neither treat nor examine the claimant. *Lester*, 81 F.3d at 830. The ALJ should give more weight to the opinion of a treating physician than to the opinion of an examining physician. *Orn*, 495 F.3d at 631. Likewise, the ALJ should give more weight to the opinion of an examining physician than to the opinion of a nonexamining physician. *Id.*

When a treating physician's opinion is not contradicted by another

physician, the ALJ may reject the opinion only for "clear and convincing" reasons, and when an examining physician's opinion is contradicted by another physician, the ALJ is only required to provide "specific and legitimate reasons" to reject the opinion. *Lester*, 81 F.3d at 830-31. The specific and legitimate standard can be met by the ALJ setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating her interpretation thereof, and making findings. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). The ALJ is required to do more than offer her conclusions, she "must set forth [her] interpretations and explain why they, rather than the doctors', are correct." *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

Plaintiff argues that Dr. Parsons' opinion should have been given controlling weight over the opinions of the medical experts Dr. Spence and Dr. Belzer because these opinions did not qualify as substantial evidence. ECF No. 14 at 13. Once again, Plaintiff's argument leaves the Court wanting. Plaintiff simply asserts that the opinion should be given controlling weight without challenging the ALJ's reasons for rejecting the opinion. *Id*. However, since the case is being remanded for the ALJ to make a new determination regarding Plaintiff's symptom statements, the ALJ will readdress all the medical opinions in the file upon remand.

## REMEDY

Plaintiff urges the Court to apply the credit-as-true rule and remand this case for an immediate award of benefits. ECF No. 14 at 13-14.

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). Under the credit-as-true rule, where (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be

required to find the claimant disabled on remand, we remand for an award of benefits. *Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir. 2017). Even when the three prongs have been satisfied, the Court will not remand for immediate payment of benefits if "the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Garrison*, 759 F.3d at 1021.

Here, Plaintiff failed to articulate any viable argument to overcome the ALJ's determination. The record as a whole in this case creates serious doubt that Plaintiff is, in fact, disabled. However, due to the ALJ's failure to articulate a single reason for rejecting Plaintiff's symptom statements, the case is remanded for a new de novo hearing before a new ALJ.

## CONCLUSION

Accordingly, **IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 16**, is **DENIED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 14**, is **GRANTED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. **Judgment shall be entered for Plaintiff** and the file shall be **CLOSED**.

DATED March 20, 2019.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING PLAINTIFF'S MOTION - 10